**UNITED STATES of America, Plaintiff–Appellee**

v.

**Miguel Angel Hernandez GONZALEZ, also known as Jose Encarnacno Gurule, Defendant–Appellant.**

**No. 13–3472.**

United States Court of Appeals, Eighth Circuit.

Submitted: May 30, 2014.

Filed: June 3, 2014.

Amy L. Jennings, Special, U.S. Attorney's Office, Des Moines, IA, for Plaintiff–Appellee.

Gerald B. Feuerhelm, Des Moines, IA, for Defendant–Appellant.

Miguel Angel Hernandez Gonzalez, Oklahoma City, OK, pro se.

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

Miguel Angel Hernandez Gonzalez directly appeals the sentence that the district court[1] imposed after he pleaded

1. The Honorable Stephanie M. Rose, United    States District Judge for the Southern District

guilty to a drug offense. His counsel has moved to withdraw, and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the statutory-minimum prison sentence is unreasonable, and that the government unreasonably withheld its recommendation to grant Gonzalez relief from the statutory minimum under the "safety valve."

Upon careful review, and setting aside the issue of whether Gonzalez waived the argument by withdrawing his initial objection to the probation officer's recommendation against safety-valve relief, we conclude that Gonzalez failed to demonstrate that he qualified for the safety valve, *see United States v. Aguilera,* 625 F.3d 482, 488 (8th Cir.2010), and that the district court lacked authority to sentence him below the statutory minimum, *see United States v. Chacon,* 330 F.3d 1065, 1066 (8th Cir.2003). Having independently reviewed the record under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.